OPINION of the Court, by
Judge Logan.
This was a suit by a man of colour to recover his freedom. He asserts his right to freedom upon the following instrument of writing, viz.
“Being sensible of the unspeakable advantage ofli-berty, and desirous that my slaves, Bartlett, Harry, and Dick, should be free after my decease ; and I do now by this instrument secure their liberty to them, and allow and authorise them at my death to go out free from me, my heirs, &c. and to exercise all the privileges to which they shall be entitled by the laws of their country, to the end of their jives, and recover my interest in the negro woman named Dolly. I resign to herself at my decease, and the eighth part of her time to which Í am entitled I allow her to use to her own advantage during her life. In testimony of these things I have hereunto set my hand and annexed my seal this third day of March, in the year of our Lord one thousand eight hundred and eleven. Agness Clarke (seal). Signed, sealed and delivered in presence of us — John Andrews, Eliza Andrews.”
This instrument of writing was acknowledged by Ag-ncss Clarke to be her act and deed, before the clerk of the county court of Fayette, in his office, on the 25th of May 1811; and thereupon admitted to record.
And at the October court of said county in the year 1813, it was produced in court, and proved by the oaths of Arthur Slayton, Fanny Walker and Lucy Slayton, to haye been acknowledged by Agness Clarke for the purposes therein mentioned. One of these witnesses *202 ⅜<1 that she was present when'the writing was executed, heard the said Agness acknowledge it, and saw John and Eliza Andrews sign it as Witnesses : the others deposed to the acknowledgments only, and one of them to the hand writing of John Andrews, one of the subscribing witnesses.
It is in proof that the subscribing witnesses were both residing in the state of Ohio ; and that Agness Clarke resided and died in Fayette county.
Two questions are deemed necessary only for examination in this case. 1st, Whether the acknowledgment of the execution of the writing by Agness Clarke (before the clerk of the county court, was sufficient to manumit said slaves ? 2dly, If such proof is incompetent, whether the testimony given in the county court was admissible for that purpose ?
By the 27th section of the apt of 1798 concerning «laves, free negroes, &c. it is provided, “ that it shall be lawful for any person by his or her last will and testa-"«10111, or by any other instrument in writing, under his or her hand and seal, attested and proved in the county court by two witnesses, or acknowledged by the party in the court of the county where he or she resides, to emancipate or set free his or her slave or slaves,” &c. But the same section goes on to provide that the said court may require bond with security as an indemnity against such slaves becoming chargeable to the county, if aged or infirm.
By subsequent acts, clerks have been authorised to receive the acknowledgment of certain instruments of writing in their office ; but we are aware oí none which expressly gives the power in cases like the present; and from the power and duty of the court in requiring bond, the inference is clear that the writing must be proved in court, in order that tlic court may determine upon th« propriety of requiring such bond. The acknowledgment, therefore, before the clerk in his office, does not dispense with'the necessity of proving the execution of the writing by two witnesses, as required by the act: which leads to the second question pAposed for examination.
Upon this question we apprehend there is more room for doubt. The act expressly requiring that the writing should be attested and proved by two witnesses, has given rise to the question, whether other than the sub *203 scribing witnesses were admissible under any circumstances to prove the execution of the instrument ? We are, however, of opinion that the common law rules of evidence, in relation to the absence of the subscribing witnesses, ought to be resorted to and applied to this case, with the exception only of requiring two witnesses, whereas by the principles of the common law one was sufficient to prove the hand writing of thc^ witnesses.
The death, or absence of the witnesses beyond the jurisdiction and the reach of the process of the court, furnishes ground for the admissibility of proof of their hand writing, and of the execution of the instrument, by other testimony. The subscribing witnesses in the case before us being beyond the reach ofthe process of the court, residing in another state, it was therefore proper to resort to such evidence as that introduced in the trial below : and upon an examination of ⅛ we can perceive no well founded doubt with regard to the establishment of the necessary facts. And are, therefore, of opinion that the judgment of the court below ought to be affirmed.
The objection taken in the argument, that the instrument w as in the nature of an executory agreement, not compulsive in law, cannot prevail. The right was created and vested by the instrument of writing, though to commence thereafter. Nothing farther remained for the grantor to do. The agreement, as to hex', was performed; audit only waited the happening ofllie contingency upon which it depended, the death of Agncss Clarke, as respected its enjoyment by the grantee; which having happened, the right was thereupon complete.
Judgment affirmed with costs.